COLE, Judge.
This summary proceeding was instituted by the Parish of East Baton Rouge, plaintiff-appellant, under La.-R.S. 33:2713, 33:2841, 47:314 and East Baton Rouge Parish Ordinances Title 9, § 140(c), to collect sales taxes allegedly due the Parish by the defendant-appellee, Johnny Coleman, d/b/a Plank Road Welding, for the period from January 1, 1971, through August, 1974. The trial court rendered judgment in favor of the defendant recalling the rule issued.
In its written reasons for judgment the trial court said:
“Although the Court finds plaintiff’s suit is fatally defective as neither the rate of tax due is alleged nor is the ordinance pleaded, proved or offered in evidence, the proof is conclusive that the defendant has paid all taxes due the plaintiff-parish for the period claimed.
“The defendant was not engaged in a business from which tax was due after May, 1972, the date defendant concluded his welding shop business. All taxes due have been paid.”
Assuming that the proper procedure for the collection of delinquent sales taxes was followed by the Parish, it is clear to this Court that the defendant has sustained his burden of rebutting the prima facie case of tax liability established by the Parish.
To establish a prima facie case, the Parish offered the original petition and the notarized affidavit of the Director of Finance for the City of Baton Rouge and the Parish of East Baton Rouge which indicated an arbitrary assessment for the period of January 1, 1971, through August of 1974, plus penalties and attorney’s fees. The Parish offered no additional evidence in its case in chief, nor did it offer rebuttal evidence.
From the evidence presented at trial by the defendant, it was shown that from January 1, 1971, through May, 1972, the defendant earned income from the operation of a welding shop, Plank Road Welding, for which he remitted the appropriate amount for sales taxes due. During this period the defendant also earned income resulting from various contracts of labor for the erection of permanent metal structures. After May of 1972, the defendant’s income was earned solely as a contractor for the construction of various permanent metal structures. However, he continued to contract for business under the trade name “Plank Road Welding.” These facts are supported by the testimony of the defendant, various written building contracts, and the testimony of some of the parties with whom he contracted to build the structures. Thus, the defendant is not liable for any sales taxes for this period when he was not operating as a “dealer.” La.-R.S. 33:2713, 47:301, et seq.; East Baton Rouge Parish Ordinances, Title 9, §§ 121(f), 122(b).
*1222 The finding of fact by the lower court that the defendant has paid all of the taxes due the plaintiff for the period claimed is reasonably supported by credible evidence in the record. See, Dyson v. Gulf Modular Corporation, 338 So.2d 1385 (La. 1976).
Accordingly, we affirm the judgment of the trial court. The costs of these proceedings, to the extent permitted by law, are assessed to the appellant.
AFFIRMED.